*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* CB.

---

AMYDORAL JAMES,

       Petitioner-Appellee,

v

CB,

       Respondent-Appellant.

UNPUBLISHED
May 16, 2024

No. 366742
Washtenaw Probate Court
LC No. 23-000416-MI

---

Before: JANSEN, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the probate court order granting the petition for involuntary mental-health treatment. Respondent was committed to a combined hospitalization and assisted outpatient treatment for no longer than 180 days, with an initial hospitalization period of up to 60 days. We affirm.

Respondent was brought to the hospital by police following an incident when he was inappropriately clothed in public and acting aggressive. Respondent continued his aggressive behavior around emergency room and hospital staff. Respondent was examined by two psychiatrists who determined that respondent was "paranoid, disorganized with pressured speech," and "agitated." Respondent was diagnosed with psychosis, mania, schizoaffective disorder, and bipolar type I.

A petition was filed with the probate court by a clinical social worker requesting a combination of hospitalization and assisted outpatient treatment for respondent. The trial court held a hearing on the petition, during which Daniel Blake, Ph.D., a licensed clinical psychologist, testified that he examined respondent briefly by phone and that respondent was unwilling to answer questions. Dr. Blake testified that he had access to respondent's medical and other records through the hospital, including documents from the police department that reported the police's observations of respondent. The information in Dr. Blake's testimony was primarily based on his

-1-

review of these records. Dr. Blake testified that the records indicated that respondent had prior issues of aggression in the community, called the staff in the hospital and emergency room "Nazis," and believed that "he's a victim of everybody else's narrow intention." Respondent denied any aggression toward others, and testified that he would not follow up with any mental-health treatment if discharged and that he did not believe that he required treatment.

The trial court granted the petition and entered a combined order "which will allow for hospitalization up to 60 days and assisted outpatient treatment not to exceed 180 days." On the order, the trial court designated that respondent was a person requiring treatment under MCL 330.1401(1)(c).

Respondent appeals as of right, arguing that the trial court erred by finding that respondent was a person requiring treatment under MCL 330.1401(1)(c) by clear and convincing evidence because Dr. Blake's testimony was not sufficient to meet the burden of proof, and that involuntary mental-health treatment was not the solution to respondent's symptoms, which were physical rather than psychological. We disagree.

Generally, we review "for an abuse of discretion a probate court's dispositional rulings and review[] for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (quotation marks and citation omitted). However, because respondent did not raise this issue in the trial court, it is not preserved, *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020); therefore, the standard of review is for plain error affecting defendant's substantial rights, *People v Coy*, 258 Mich App 1, 12; 669 NW2d 831 (2003). To establish plain error,

> First, there must be an error; second, the error must be plain (i.e., clear or obvious); and third, the error must affect substantial rights (i.e., there must be a showing that the error was outcome determinative). Moreover, reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of guilt or innocence. [*Id.* (citation omitted).]

The Mental Health Code defines a "person requiring treatment," in relevant part, as:

> (c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others. [MCL 330.1401(1)(c).]

MCL 330.1461(1) provides: "An individual may not be found to require treatment unless at least 1 physician or licensed psychologist who has *personally examined* that individual testifies in person or by written deposition at the hearing." (Emphasis added.) MCL 330.1465 provides that the trial court "shall not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence." Evidence is clear and convincing when it

produces "in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established" and the evidence is "so clear, direct and weighty and convincing" as to allow the court "to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995) (quotation marks and citation omitted).

Hearsay is any statement that the declarant does not make while testifying and that a party offers "to prove the truth of the matter asserted." MRE 801(c).[1] Hearsay is generally inadmissible unless it falls under an exception. MRE 802. MRE 1101(b) provides exceptions for when the Michigan Rules of Evidence do not apply, including in "hearings under Chapters 4, 4A, 5, and 6 of the Mental Health Code, MCL 330.1400 *et seq*., during which the court may consider *hearsay data* that are part of the basis for the opinion presented by a testifying mental health expert." MRE 1101(b)(10) (emphasis added). Under MCL 330.1459(2), the trial court "shall receive all relevant, competent, and material evidence which may be offered. The rules of evidence in civil actions are applicable, *except* to the extent that specific exceptions have been provided for in this chapter or elsewhere by statute or court rule." (Emphasis added.)

In the present case, Dr. Blake testified that he briefly examined respondent before the hearing, but respondent was unwilling to answer questions; therefore, the information in his testimony was primarily based on his review of respondent's medical and other records, which included the police's observations of respondent. Dr. Blake testified that the records provided as follows: respondent had prior issues in the community with "spray-painting mailboxes" and "arguing" with other people; respondent had a history of prior hospitalizations; he was inappropriately clothed in public when the police approached him; and he was aggressive in the emergency room. Dr. Blake stated that, as a result of his examination and review of respondent's records, he concluded that respondent was a person requiring treatment. The trial court then concluded that it was "satisfied based on clear and convincing evidence" that respondent was an individual requiring treatment under MCL 330.1401(1)(c).

The trial court did not commit plain error affecting respondent's substantial rights. See *Coy*, 258 Mich App at 12. Dr. Blake personally examined respondent before the hearing, therefore fulfilling the requirements under MCL 330.1461(1). Dr. Blake's examination was brief, but MCL 330.1461(1) does not provide a requirement for the length of the examination. Dr. Blake testified that the only reason the examination was short was because respondent was unwilling to participate. Dr. Blake's testimony about the contents of respondent's medical and other records was "hearsay data" admissible under MRE 1101(b)(10).

Furthermore, Dr. Blake's testimony was clear and convincing in demonstrating that respondent was a person in need of treatment under MCL 330.1401(1)(c). See MCL 330.1465. Dr. Blake's testimony about respondent's unwillingness to respond to the examination as well as his aggression toward police officers and emergency room staff showed respondent's "lack of understanding of the need for treatment" and "unwillingness to voluntarily participate in or adhere

---

[1] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. See ADM File No. 2021-10, 512 Mich lxiii (2023). This opinion relies on the version of the rules in effect at the time this matter was decided.

-3-

to treatment." MCL 330.1401(1)(c). The testimony about respondent's previous incidents of aggression toward members of the community also showed that respondent presented "a substantial risk of significant physical or mental harm to the individual or others." MCL 330.1401(1)(c). Accordingly, because Dr. Blake's testimony was proper, the trial court did not plainly err by relying on Dr. Blake's testimony to find, by clear and convincing evidence, that respondent was a person in need of treatment.

Respondent testified at the hearing that he had a physical ailment on his skull that was "severely damaged and needs corrective surgery," but because of his mental-health diagnosis, he was unable to seek medical treatment. However, the trial court did not commit plain error affecting respondent's substantial rights by finding that involuntary mental-health treatment was the solution to respondent's symptoms. See *Coy*, 258 Mich App at 12. The only evidence provided about respondent's physical injury was respondent's testimony. On the other hand, in the petition for respondent's mental-health treatment and throughout the hearing, a plethora of clear, direct, weighty, and convincing evidence was presented to show that respondent's judgment was impaired by his mental illness, that he lacked understanding of his need for treatment, that he was at risk of harming himself or others, and that he required treatment to prevent deterioration of his condition. See MCL 330.1401(1)(c); *In re Martin*, 450 Mich at 227.

Respondent was examined by two physicians before the hearing who wrote that respondent was "paranoid, disorganized with pressured speech," "agitated," and had "disorganized behavior in [the] community." During the hearing, Dr. Blake testified that respondent had prior issues of aggression in the community and inpatient hospitalizations. Dr. Blake diagnosed respondent with psychosis "because he really doesn't differentiate one person from another," and has "paranoid" thoughts. Dr. Blake testified that respondent called the providers in the emergency room and hospital staff "Nazis." Dr. Blake affirmed in his testimony that respondent was unable to understand his need for mental-health treatment because he did not believe that he had mental illness and "believes that there's a conspiracy against him from everybody who thinks—who has concern about his well-being." Dr. Blake also agreed that mental-health treatment for respondent was the "least-restrictive means of treatment" and that it was adequate and appropriate to treat his mental illness. Dr. Blake testified: "I do think that [respondent] poses the risk to both himself and others. And I do think there is danger on the horizon, if he would be discharged prematurely." Respondent testified that he was unwilling to follow up with his mental-health treatment if he was released from the hospital and that "I do not feel I need mental health treatment." As such, any need for physical treatment does not negate respondent's need for mental-health treatment. The evidence presented showed that respondent was a person requiring mental-health treatment by clear and convincing evidence, regardless of whether physical treatment was also needed.

Respondent argues that the purpose of the Mental Health Code is to treat individuals who cannot otherwise care for themselves and that respondent does not fall under that category. However, a respondent only needs to qualify as a person requiring treatment under one subdivision of MCL 330.1401(1) to support an order for mental-health treatment. Therefore, because respondent qualifies as a person requiring treatment under MCL 330.1401(1)(c), it was unnecessary that he also qualify under MCL 330.1401(1)(b) (defining "person requiring treatment" as an individual with a mental illness who cannot attend to his or her basic physical needs such as food, clothing, or shelter, as a result).

Therefore, the trial court did not commit plain error affecting respondent's substantial rights by finding by clear and convincing evidence that hospitalization was the best option for respondent. Accordingly, respondent is not entitled to a new hearing.

Affirmed.

/s/ Kathleen Jansen
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien